IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA OLSON, et al., | No. CIV S-11-2249-KJM-CMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ACCREDITED HOME LENDERS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the court is defendant Penny Mac Home Loan Services' unopposed motion to dismiss (Doc. 4).

**I.  BACKGROUND**

Plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq., as well as various state laws. This action concerns the foreclosure of real property located in Janesville, California. Plaintiffs state that they initially entered into a mortgage agreement with Accredited Home Lenders, Inc., and that the loan was later assigned to Penny

1

Mac Loan Services. According to plaintiffs, "[d]efendants took a security interest in Plaintiffs' principal dwelling, but failed to provide Plaintiffs with clear and conspicuous material disclosures as required by" TILA and RESPA. Plaintiffs conclude that, based on these violations, they have a right to rescind the original loan agreement.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

Defendant argues that plaintiff's federal claims under RESPA and TILA fail to allege sufficient facts and, in any event are time-barred.

Turning first to the statutes of limitations, TILA provides a three-year statute of limitations for rescission, and a one-year limitations period for damages.  See 15 U.S.C. § 1635(f) (three-year statute of limitations); 15 U.S.C. § 1640(f) (one-year statute of limitations). Under RESPA, claims involving kickbacks and unearned fees must be brought within one year, and claims involving disclosures in loan servicing must be brought within three years.  See 12

1  U.S.C. § 2614.  In support of their motion, defendant attaches documentation indicating that the
2  loan at issue originated in 2006.[1]  Given this, any and all TILA and RESPA claims are time-
3  barred and this action should be dismissed.
4           As a separate and sufficient reason to dismiss this action, the court agrees with
5  defendant that plaintiffs' allegations are simply too vague and conclusory to state a claim upon
6  which relief can be granted.  Other than the conclusory allegation that defendants violated TILA
7  and RESPA by not providing "material disclosures . . . in a clear and conspicuous manner,
8  including the required two copies (each) of a proper Notice of Right to Cancel," no specific facts
9  are alleged in the complaint.  In particular, the complaint contains no dates, loan numbers,
10 amounts, or any other specific information related to the mortgage at issue in this case.
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

[1] The court may consider such documentation because their authenticity is not in question, and the complaint necessarily relies upon them.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)

## IV.  CONCLUSION

In this case, plaintiffs' loan was originated in 2006.  They made regular payments on the loan for some time.  It was only on the eve of foreclosure that plaintiffs brought this action in an obvious attempt to delay.

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 4) be granted and that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 17, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE